

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-89,123-01 AND WR-89,123-02

### EX PARTE DANIEL ALBERTO MONTOYA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. W14-31191-R(A) AND W14-31192-R(A)
### IN THE 265TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of aggravated sexual assault of a child and sentenced to seventeen years' imprisonment for each charge, to run consecutively. The Fifth Court of Appeals affirmed his convictions. *Montoya v. State*, Nos. 05-16-00756-CR and 05-16-00757-CR (Tex. App. — Dallas, 2017) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because trial counsel

failed to investigate, failed to interview and call witnesses, failed to secure an expert witness, failed to obtain a hearing and a ruling on the defense motion to sever the cases, failed to object to testimony and evidence, failed to present mitigating evidence, and failed to present "a substantive closing argument."

These applications were filed in the district court on August 24, 2018. On the application forms, Applicant makes reference to a brief in support of the applications and affidavits from potential witnesses, which were not filed with the applications but were "forthcoming." The trial court did not designate issues for resolution, and the applications were properly forwarded to this Court when 35 days had passed from the date upon which the State received service of the applications. On October 31, 2018, this Court received notice from Applicant that the brief and exhibits in support of these applications were filed in the trial court On October 29, 2018. Those documents have not yet been forwarded to this Court.

Although the filing of a habeas application without supporting documents is strongly discouraged, this Court did receive notice of the filing of the brief and exhibits before disposing of the applications as they were received, without sufficient facts or law to show that Applicant was entitled to relief. Those documents would be helpful to this Court in addressing Applicant's claims. Morever, the records do not include an affidavit from trial counsel, and the trial court has not entered findings of fact and conclusions of law.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of Applicant's brief and all supporting documents filed by Applicant in that court. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 5, 2018
Do not publish